# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| PETER BARTOK, derivatively on behalf of NEXT BRIDGE HYDROCARBONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREGORY MCCABE, JOHN BRDA, ROBERT L. COOK, CLIFTON DUBOSE, JR., JOSEPH DEWOODY, LUCAS T. HAWKINS, DELVINA OELKERS, MIA PITTS, and KRISTIN WHITLEY, <br><br> Defendants, <br><br> and <br><br> NEXT BRIDGE HYDROCARBONS, INC., <br><br> Nominal Defendant. | § § § § § § § § § § § § § § § § § § § § § § § | Case No. 7:26-cv-00096 |

## JOINT MOTION AND STIPULATION FOR STAY

Plaintiff Peter Bartok ("Plaintiff"), Nominal Defendant Next Bridge Hydrocarbons, Inc. ("Next Bridge" or the "Company"), and Defendants Gregory McCabe, Robert L. Cook, Clifton Dubose, Jr., Joseph DeWoody, Lucas T. Hawkins, Delvina Oelkers, Mia Pitts, and Kristin Whitley (collectively, the "Moving Individual Defendants" and together with Next Bridge, "Moving Defendants")[1] (Plaintiff and Moving Defendants, together, are the "Parties"), respectfully submit this Joint Motion to Stay and state as follows:

---

[1]    Plaintiff's complaint also names John Brda as a defendant. Defendant Brda is not represented by undersigned counsel, and Plaintiff's counsel has separately reached out to counsel for Defendant Brda regarding service. Brda and the Moving Defendants are referred to herein as "Defendants."

---

**JOINT MOTION FOR STAY**                                                                 **PAGE 1 OF 7**

WHEREAS, Plaintiff filed a shareholder derivative action on behalf of nominal defendant Next Bridge in this Court against Defendants, asserting claims for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and related claims (the "Derivative Action");

WHEREAS, the Derivative Action arises from allegations concerning the Company's December 2022 spin-off from Meta Materials, Inc. (the "Spin-Off"), including alleged misstatements and omissions in the Company's registration statement and the valuation of its oil and gas assets;

WHEREAS, a related securities class action was filed against Next Bridge and certain of the Individual Defendants, captioned *Targgart, et al. v. Next Bridge Hydrocarbons, Inc., et al.*, Case No. 4:24-cv-00767-P (N.D. Tex.) (the "Related Securities Class Action"), asserting claims based on certain of the same underlying facts and alleged misconduct;

WHEREAS, the district court in the Related Securities Class Action dismissed the complaint because it determined the plaintiffs failed to state a claim under Sections 11, 12, and 15 of the Securities Act of 1933 because the plaintiffs "do not claim they purchased shares of Next Bridge; they allege they were distributed the shares as Preferred Shareholders in Meta II." (Related Securities Class Action, ECF No. 66). Plaintiffs in that action have appealed that decision to the United States Court of Appeals for the Fifth Circuit, styled *Targgart, et al. v. Next Bridge Hydrocarbons, Inc., et al.*, No. 25-10879 (5th Cir.) (the "Appeal");

WHEREAS, Defendants in this Derivative Action are appellees in the Appeal;

WHEREAS, the Appeal is fully briefed and currently pending before the Fifth Circuit, with oral argument held on April 27, 2026;

WHEREAS, the Parties agree that there is overlap between the facts and circumstances alleged in the Derivative Action and those underlying the Related Securities Class Action and the

Appeal, including the same Spin-Off, the same alleged misstatements, and the same alleged valuation issues, which were not the subject of the dismissal of the Related Securities Class Action but are nonetheless part of the Appeal;

WHEREAS, the Parties further agree that the proceedings in the Appeal may help inform, narrow, or resolve issues in the Derivative Action;

WHEREAS, the Parties hereby jointly stipulate to stay the Derivative Action until and through the resolution of the Appeal; and

WHEREAS, this joint stipulation will promote the efficient and orderly administration of justice by coordinating the Derivative Action with the Appeal and avoiding duplicative proceedings.

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1.      **Stay of Proceedings.** The Derivative Action (including all discovery) shall be stayed until thirty (30) days after the Fifth Circuit issues a decision resolving the Appeal in *Targgart, et al. v. Next Bridge Hydrocarbons, Inc., et al.*, No. 25-10879, or until further order of this Court. All existing deadlines and settings in this action are vacated.

2.      **Post-Stay Scheduling.** If the stay of proceedings is lifted, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Action within twenty-one (21) days, including the date by which Defendants must answer or otherwise respond to the operative complaint.

3.      **Notice of Related Actions.** Defendants shall promptly notify Plaintiff of any derivative actions, litigation demands, or books and records demands of which they become aware that assert allegations substantially similar to those made in the Derivative Action ("Related Derivative Actions" or "Related Demands").

4.      **Notice of Unstayed Actions.** During the pendency of the stay, Defendants shall promptly notify Plaintiff if any Related Derivative Action is not stayed for a similar or longer duration than the Derivative Action.

5.      **Plaintiff Option to Lift Stay.** Plaintiff shall have the option to terminate the stay if a Related Derivative Action is not stayed for a similar or longer duration than the Derivative Action by providing fourteen (14) days' notice to counsel for Defendants by email.

6.      **Document Production in Response to Demands.** If, during the pendency of the stay, Defendants agree to produce, or are ordered to produce, documents to any shareholder in connection with a Related Demand, copies of such documents shall be provided to Plaintiff's counsel within ten (10) days, subject to the Parties' agreement on a confidentiality arrangement or entry of a protective order.

7.      **Efforts to Stay Related Actions.** Defendants will not seek to litigate proceedings in any subsequently filed Related Derivative Actions ahead of proceedings in the Derivative Action or while the Derivative Action remains stayed.

8.      **Coordination of Settlement Discussions.** During the pendency of the stay, in the event Defendants participate in a formal mediation or other settlement discussions with the plaintiffs in the Related Securities Class Action, Defendants agree to promptly notify Plaintiff and invite Plaintiff to participate in such discussions. If Plaintiff is not permitted to participate, due to parties other than Defendants, Defendants shall separately participate in a mediation with Plaintiff at or about the same time. In the event Defendants participate in a formal mediation or other settlement discussions with the plaintiffs in any Related Derivative Action or in connection with any Related Demand, Defendants agree to promptly notify Plaintiff and include Plaintiff in such discussions.

9.      **Coordination on Consolidation of Similar Actions**. The Parties shall meet and confer regarding consolidation of any Related Derivative Action filed in, removed to, or transferred to this Court and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

10.     **Amended Complaint.** Notwithstanding the stay, Plaintiff may amend the complaint during the pendency of the stay. Defendants shall not be required to respond to any such complaint unless and until the stay is lifted.

11.     **No Waiver.** This stipulation is without waiver of, or prejudice to, any claims, defenses, arguments, motions, or requests for relief that would otherwise be available to the Parties in this action.

IT IS SO STIPULATED.

Dated: May 13, 2026.                              Respectfully submitted,

                                                  */s/ David J. Drez III*
                                                  David J. Drez III
                                                  State Bar No. 24007127
                                                  david.drez@wickphillips.com
                                                  Paul T. Elkins
                                                  State Bar No. 24092383
                                                  paul.elkins@wickphillips.com
                                                  Colin P. Benton
                                                  State Bar No. 24095523
                                                  colin.benton@wickphillips.com

                                                  **WICK PHILLIPS GOULD & MARTIN LLP**
                                                  100 Throckmorton Street, Suite 1500
                                                  Fort Worth, Texas 76102
                                                  Tel.:    (817) 332-7788
                                                  Fax:    (817) 332-7789

                                                  *Attorneys for Defendants*
                                                  *Next Bridge Hydrocarbons, Inc., Robert L. Cook,*
                                                  *Clifton Dubose, Jr., Joseph DeWoody,*
                                                  *Lucas T. Hawkins, Delvina Oelkers, Mia Pitts,*
                                                  *Kristin Whitley, and Gregory McCabe*

                                                  */s/ Saadia Hashmi*
                                                  Saadia Hashmi
                                                  State Bar No. 24139546
                                                  shashmi@thebrownlawfirm.net

                                                  **THE BROWN LAW FIRM, P.C.**
                                                  767 Third Avenue, Suite 2501
                                                  New York, NY 10017
                                                  Tel.: (516) 922-5427
                                                  Fax: (516) 344-6204

                                                  *Counsel for Plaintiff Peter Bartok*

---

## CERTIFICATE OF CONFERENCE

I certify that on May 13, 2026, I conferred with Plaintiff's counsel regarding the relief requested in this stipulation. Plaintiff agrees to the relief sought in this stipulation.

*/s/ David J. Drez III*
David J. Drez III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record on May 13, 2026, through the Court's CM/ECF system.

*/s/ David J. Drez III*
David J. Drez III